```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
LARISA YURKOV-SHKOLNIK,            :
                                   :
        Plaintiff,                 :
                                   :
             v.                    :    **OPINION**
                                   :
ALLSTATE LIFE INSURANCE COMPANY    :    06 Civ. 5451 (RLC)
OF NEW YORK,                       :
                                   :
        Defendant/Third-Party      :
        Plaintiff,                 :
                                   :
             v.                    :
                                   :
VALENTINA MINAKOVA,                :
                                   :
        Third-Party Defendant/     :
        Counterclaimant and        :
        Cross-Claimant             :
                                   :
             v.                    :
                                   :
EUGENE PERCHIKOV and               :
PRUCO LIFE INSURANCE COMPANY       :
OF NEW JERSEY,                     :
                                   :
        Additional Cross-Claim     :
        Defendants.                :
-----------------------------------X
```

APPEARANCES

Chaim B. Book, Esq.
Moskowitz & Book, LLP
1372 Broadway, Suite 1402
New York, New York 10018
Attorneys for Plaintiff Larisa Yurkov-Shkolnik

David J. D'Aloia, Esq.
Saiber LLC
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
Attorneys for Defendant
Allstate Life Insurance Company of New York

Jacques L. Debrot, Esq.
Debrot & Siris, P.C.
60 East 42nd Street, 46th Floor
New York, New York 10165
Attorneys for Third-Party Defendant,
Counterclaimant and Cross-Claimant Valentina Minakova

Eugene Perchikov
13-G B'nei Benjamin Street
Herzlia, Israel

Fred N. Knopf
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604
Attorneys for Cross-Claim Defendant
Pruco Life Insurance Company of New Jersey

ROBERT L. CARTER, District Judge

**INTRODUCTION**

Pursuant to Rules 55(c) and 60(b), F.R. Civ. P., plaintiff Larisa Yurkov-Shkolnik ("Yurkov-Shkolnik") moves to vacate the court's December 28, 2006 Order entering default judgment against her with respect to Allstate Life Insurance Company of New York's ("Allstate Life") Counterclaim. The December 28, 2006 Order determined that Allstate Life was not obligated to pay Yurkov-Shkolnik the proceeds of a disputed life insurance policy. Additionally, Yurkov-Shkolnik moves to vacate the court's January 16, 2007 default judgment against her with respect to the Cross-Claim of Valentina Minakova ("Minakova"). Yurkov-Shkolnik argues that both default judgments should be set aside for noncompliance with Federal and Local Rules of Civil Procedure. For the following reasons, Yurkov-Shkolnik's motions to vacate the default judgments in favor of Allstate Life and Minakova are DENIED.

**BACKGROUND**

Allstate Life issued a life insurance policy for Tatiana Korkhova ("Korkhova"). This policy named Yurkov-Shkolnik as the primary beneficiary and Minakova as the contingent beneficiary. Korkhova is now deceased and Yurkov-Shkolnik claims that she is entitled to the proceeds of the policy as the primary beneficiary. Minakova contends that Yurkov-Shkolnik is not entitled to the proceeds of the policy under New York law because Yurkov-Shkolnik and cross-claim defendant Eugene Perchikov conspired to murder Korkhova in furtherance of an insurance fraud scheme. Allstate Life argues that it is not obligated to pay anyone the proceeds of the insurance policy given these allegations of fraud.

Yurkov-Shkolnik corresponded with Allstate Life from approximately December 2004 to September 2005 in an attempt to claim the insurance proceeds. Ultimately, she was unable to obtain the insurance proceeds from Allstate Life. Consequently, Yurkov-Shkolnik retained the services of Arkady Bukh, Esquire ("Bukh") and his law firm Bukh & Associates to initiate a lawsuit against Allstate Life. Yurkov-Shkolnik executed a statutory short form power of attorney, giving Bukh the power to represent her in all insurance maters. Bukh & Associates initiated Yurkov-Shkolnik's lawsuit against Allstate Life on June 16, 2006 by filing the Verified Complaint in the Supreme Court of the State of New York, New York County.

On July 19, 2006, Yurkov-Shkolnik's case was removed to the Southern District of New York. Allstate Life sought declaratory judgments on July 24, 2006 establishing that both Yurkov-Shkolnik and Minakova were not entitled to the insurance proceeds. Yurkov-Shkolnik did not respond to Allstate Life's action and the court entered an order granting default judgment against her on December 28, 2006. Minakova also moved for an order of default judgment against Yurkov-Shkolnik on January 8, 2007. On January 16, 2007, the court entered an order granting default judgment in favor of Minakova. This default judgment paralleled the December 28, 2006 Order in Allstate Life's favor by disqualifying Yurkov-Shkolnik from receiving any of the insurance proceeds. Yurkov-Shkolnik now moves to vacate the default judgments in favor of Allstate Life and Minakova.

## DISCUSSION

Yurkov-Shkolnik contends that both the Allstate Life and the Minakova default judgments should be set aside for the following reasons: (1) Allstate Life and Minakova did not

comply with the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of New York for the entry of default or the entry of default judgment; (2) assuming *arguendo* that default was properly entered pursuant to the Federal Rules of Civil Procedure and Local Rules, both judgments should be set aside pursuant to Rule 55(c), F.R. Civ. P.; and (3) assuming *arguendo* that both default judgments were properly entered pursuant to the Federal Rules of Civil Procedure and Local Rules, both judgments should be vacated pursuant to Rule 60(b), F.R. Civ. P.

## I

Yurkov-Shkolnik argues that pursuant to Rule 55, F.R. Civ. P. and Local Rules 55.1 and 55.2, the default judgments in favor of Allstate Life and Minakova should be set aside. In the main, she asserts that default was not properly entered with regard to the Allstate Life and the Minakova orders. Rule 55(a), F.R. Civ. P. requires that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Rule 55(a), F.R. Civ. P. Additionally, Yurkov-Shkolnik argues that Local Rule 55.1 provides that a party seeking default must apply for a certificate of default by submitting an affidavit showing, "(1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served." Local Civil Rule 55.1. According to Yurkov-Shkolnik, Allstate Life and Minakova have not

5

complied with the abovementioned rules, especially with regards to the submission of affidavit evidence and proper notice to the defaulting party.

As a result of the improper entry of default for the Allstate Life and Minakova judgments, Yurkov-Shkolnik contends that as a preliminary matter the default judgments at issue are necessarily improper. More specifically, she argues that Allstate Life and Minakova did not comply with Rule 55(b)(1), F.R. Civ. P., which states that "the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs" where the defaulting party has failed to appear. Rule 55(b)(1), F.R. Civ. P. Yurkov-Shkolnik maintains that Allstate Life and Minakova should have applied for their default judgments with the clerk rather than the court. She adds that Rule 55(b)(2), F.R. Civ. P. mandates that "in all other cases the party entitled to a judgment by default shall apply to the court therefor". Rule 55(b)(2), F.R. Civ. P.

Even assuming that there was noncompliance with Local Rules, the court is not persuaded that noncompliance warrants vacating the default judgments in favor of Allstate Life and Minakova since the United States Court of Appeals for the Second Circuit has made it clear that the court has broad discretion to excuse noncompliance with Local Rules. Wight v. BankAmerica Corp., 219 F.3d 79, 85 (2d Cir. 2000); Association for Retarded Citizens of Connecticut, Inc. v. Garethorne, 68 F.3d 547, 553-54 (2d Cir. 1995); Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1048-49 (2d Cir. 1991). In fact, the Second Circuit has held that the court has such discretion as to all Local Rules, without distinction among them. See Wight v. BankAmerica Corp., 219 F.3d at 85; see also Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d at 1048-49.

As for Rule 55(b)(2), F.R. Civ. P., the court finds that both judgments were properly entered. Contrary to Yurkov-Shkolnik's contentions, Rule 55(b)(2), F.R. Civ. P. states that an application for default judgment must be made to the court. Rule 55(b)(2), F.R. Civ. P. The Allstate Life and Minakova default judgments did not have to be entered by the clerk pursuant to Rule 55(b)(1), F.R. Civ. P. because the judgments were not for "a sum certain or for a sum which can by computation be made certain". Rule 55(b)(1), F.R. Civ. P. Both default judgments declared that Yurkov-Shkolnik was not entitled to collect the proceeds of the insurance policy at issue. These were not judgments for sums certain and therefore did not have to be entered by the clerk.

Finally, the court will address Yurkov-Shkolnik's claim that she did not receive notice of the proceedings in this action. The record does not corroborate this contention as Yurkov-Shkolnik was represented by Bukh & Associates until her present counsel took over. See Exh. 7 to Certification of Jacques L. Debrot, Esquire ("Debrot Cert.") (Durable General Power of Attorney). Bukh & Associates were served with Allstate Life's removal papers, Answer, Counterclaim and Third-Party Complaint, along with Minakova's Answer, Counterclaim and Cross-Claims. See Exh. D to Exh. 8 to Debrot Cert.; see also Exh. 11 to Debrot Cert. Moreover, when counsel for Allstate Life contacted Bukh & Associates, attorney Yuliya Vangorodska responded that Yurkov-Shkolnik had instructed Bukh & Associates to cease its efforts on her case. See Exh. 8 to Debrot Cert.; see also Exh. E to Exh. 8 to Debrot Cert. In light of these facts, the court concludes that Yurkov-Shkolnik had proper notice that she was in default.

**II**

Assuming that default, but not default judgment, was properly entered in favor of Allstate Life and Minakova, Yurkov-Shkolnik argues that her default should be set aside pursuant to Rule 55(c), F.R. Civ. P. Rule 55(c), F.R. Civ. P. provides that "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 55(c), F.R. Civ. P. Yurkov-Shkolnik also notes that when there are doubts as to whether default should be granted or vacated, the defaulting party should be given the benefit of the doubt as there is a general preference for resolving disputes on their merits. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

Enron Oil Corp. v. Diakuhara established the following test for determining when a party should be relieved from default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Id. (citations omitted). Yurkov-Shkolnik states that her default was not willful since she believed that Bukh & Associates were representing her at all relevant times. The crux of the argument is that Bukh & Associates continually received court filings on her behalf, neglecting to take the proper steps to inform Yurkov-Shkolnik or opposing counsel that Bukh & Associates no longer wished to be counsel of record. Thus Yurkov-Shkolnik maintains that her inaction was a result of gross neglect by Bukh & Associates and that she had a good faith belief that Bukh & Associates were continuing with her case. See Affirmation of Chaim B. Book, Esquire ("Book Affirmation"), ¶¶ 9-17. Alternatively, Yurkov-Shkolnik asserts that if Bukh & Associates were not counsel of record, then the court should set aside the entry of default because pro se litigants

are entitled to greater leeway where default judgments are concerned. Enron Oil Corp., 10 F.3d at 96.

As for the second factor, prejudice, Yurkov-Shkolnik contends that prejudice is unlikely because only two weeks have passed between the court's December 28 Order and this action for set aside. Moreover, she states that prejudice will be negligible as the court's discovery order was issued on the same day as the initial entry of default.

With regard to the third factor, a meritorious defense, Yurkov-Shkolnik argues that she is the named beneficiary on the policy at issue and that the insured died while the policy was in effect, thus the insurance policy is valid. In addition, Yurkov-Shkolnik contends that once the default judgments are vacated, she will proffer evidence demonstrating the validity of the insurance policy and her right to collect its proceeds. Book Affirmation ¶ 18.

The court does not agree with Yurkov-Shkolnik that the criteria of Rule 55(c), F.R. Civ. P. are applicable to her motions. The Allstate Life and Minakova default judgments were "judgments" therefore the criteria of Rule 60(b), F.R. Civ. P. are applicable to Yurkov-Shkolnik's motions. Rule 55(c), F.R. Civ. P. For this reason, the court will address Yurkov-Shkolnik's arguments within the proper context of Rule 60, F.R. Civ. P.

**III**

Finally, Yurkov-Shkolnik argues that even assuming that default and the default judgments were properly entered in favor of Allstate Life and Minakova, the default judgments should be set aside pursuant to Rule 60(b), F.R. Civ. P. Rule 60(b), F.R. Civ. P. states in pertinent part that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Rule 60(b), F.R. Civ. P. Yurkov-Shkolnik primarily relies on the ground of excusable neglect, identifying four factors for the court to consider in evaluating whether her inaction was excusable. These factors are "1) the danger of prejudice to the [non-moving party], 2) the length of the delay and its potential impact on judicial proceedings, 3) the reason for delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith." Thorpe v. Luisi, 2005 WL 1863671 at *2 (S.D.N.Y. 2005) ( Daniels, J.) (citing Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993)). Yurkov-Shkolnik notes that her arguments with respect to Rule 55(c), F.R. Civ. P. are equally applicable to Rule 60(b), F.R. Civ. P.

The only applicable provisions to this action are Rules 60(b)(1) and (6), F.R. Civ. P. Under Rule 60(b)(1), F.R. Civ. P., "mistake, inadvertence, surprise, or excusable neglect" would be grounds for relieving a party of a final judgment. Rule 60(b)(1), F.R. Civ. P. The court is not convinced that Yurkov-Shkolnik has proven excusable neglect because an attorney's carelessness is not necessarily grounds for vacating default. American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F. 3d 57, 60-61 n.1 (2d Cir. 1996). Likewise, an attorney's mistake or omission due to ignorance or inability to manage his or her caseload does not amount to excusable neglect. United States v. Cirami, 535 F.2d 736, 739-40 (2d Cir. 1976). Yurkov-Shkolnik alleges excusable neglect due to the acts and omissions of Bukh & Associates, yet the

10

record indicates that Bukh and Associates acted willfully under orders from Yurkov-Shkolnik. When this case was removed to the Southern District of New York, Yurkov-Shkolnik instructed Bukh & Associates not to continue with her case.  See Exh. 8 to Debrot Cert.; see also Exh. E to Exh. 8 to Debrot Cert.  In fact, Yurkov-Shkolnik's motion papers contained affidavits from Bukh and paralegal Andrew Jorjika which substantiate claims that she voluntarily chose not to pursue her case.  See Exh. A to Exh. 1 to Affirmation of Jay Schiffman, Esquire.  Even when the court considers the representations of Yurkov-Shkolnik's current counsel, the court cannot be persuaded that Yurkov-Shkolnik is entitled to relief under any part of Rule 60(b)(1), F.R. Civ. P.

Lastly, motions relying on subdivision (6) of Rule 60(b), F.R. Civ. P. are successful if the movant can demonstrate exceptional circumstances justifying set aside.  Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731-32 (2d Cir. 1990).  However, this provision is not available to relieve a party from a judgment due to grounds set forth in Rule 60(b)(1), F.R. Civ. P.  Nemaizer v. Baker, 793 F. 2d 58, 63 (2d Cir. 1986).  Yurkov-Shkolnik has not proven or even alleged any exceptional circumstances that would warrant set aside here.  Her arguments fall squarely within Rule 60(b)(1), F.R. Civ. P. therefore granting relief under Rule 60(b)(6), F.R. Civ. P. would be improper.

## CONCLUSION

For the foregoing reasons, Yurkov-Shkolnik's motions to vacate the default judgments in favor of Allstate Life and Minakova are DENIED.

**IT IS SO ORDERED**

DATED:    New York, New York
September 2, 2008

**ROBERT L. CARTER**
**U.S.D.J.**